# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KASHMERE WILLIS and ESTEBAN JESUS CASTILLO, individually and as the Natural Parents and next best friends of MAKOA JESUS CASTILLO, <br><br> Plaintiffs, <br><br> v. <br><br> RALPH HARDIE'S RESTAURANT #2, INC., d/b/a IHOP #435, <br><br> Defendant. | 1:08-cv-3499-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Ralph Hardie's Restaurant #2, Inc.'s ("Ralph Hardie's" or "Defendant") Motion for Summary Judgment [37].

## I. BACKGROUND

### A. Factual Background

On May 21, 2007, Plaintiff Kashmere Willis ("Willis") and her three children went for breakfast at the International House of Pancakes ("IHOP") at 4276 Lavista Road in Tucker, Georgia. The children were five-years-, two-years-, and eight-months-old, respectively. When Willis and her children were seated, the eight-month-old, Plaintiff Makoa Jesus Castillo ("Makoa"), was in a baby-carrier,

which was placed in a chair at the table. After being seated, Willis ordered coffee. Elaine Gillmore, a waitress, brought a carafe of coffee and placed in on the table. Gillmore does not recall where she placed the coffee, but another diner, Kathryn Bynoe, saw Gillmore place the coffee pot about two or three inches from the edge of the table at which Makoa was seated in his baby-carrier. Gillmore did not tell Willis that she had left a carafe of coffee on the table before she walked away. Bynoe saw Makoa rock up from his from his baby-carrier and reach for the coffee pot. Next, she saw the pot tip over, saw the lid of the coffee pot come off, and then saw scalding coffee spill on Makoa's stomach and into the baby-carrier. Plaintiffs allege that Makoa sustained second- and third-degree burns to his thighs and abdomen. Plaintiffs allege a single cause of action for negligence against the Defendant seeking damages for the injuries Makoa suffered.

    B.    <u>Procedural History</u>

This action was removed to this Court based on diversity jurisdiction. While a Georgia defendant is unable to remove an action from a state court in Georgia, Plaintiffs here failed timely to object to the removal under 28 U.S.C. Section 1441(b). Finding Plaintiffs waived this procedural defect, the Court denied Plaintiffs' motion to remand [30].

On June 18, 2009 Defendants moved for summary judgment, arguing that in the absence of evidence of how the coffee actually was spilled, Plaintiffs cannot prove the essential element of causation in a case for negligence. Plaintiffs oppose the motion, claiming the question of causation is a matter to be determined by the jury at trial.

## II. DISCUSSION

### A. The Standard on Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555, 1558 (11th Cir. 1990). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B.    Defendant's Motion for Summary Judgment

Defendant argues it is entitled to summary judgment because Plaintiffs failed to establish causation, an essential element of a negligence claim. The parties agree Georgia law is controlling. "To recover damages in a tort action, a plaintiff must prove the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury." Atlanta Obstetrics & Gynecology Gr., P.A. v. Coleman, 260 Ga. 569, 569 (1990). "[W]hether proximate cause exists in a given case is a mixed question of law and fact. It requires both fact-finding in the 'what

happened' sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury upon appropriate instructions from the judge." Id. at 570. Plaintiff bears the burden of proving causation and "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation . . . it [is] the duty of the court to grant summary judgment for the defendant." Shadburn v. Whitlow, 243 Ga. App. 555, 556 (2000).

C. Analysis

Defendant argues that Plaintiffs cannot prove the element of causation because they failed to present evidence of how the coffee actually spilled. The record indicates that Willis did not see the coffee pot tip over and that she does not know how or why it spilled. Kathyrn Boyne states she saw the infant Makoa reach for the coffee pot and saw the pot spill, but she did not actually see Makoa cause the pot to tip over. In fact, Boyne did not see Willis or any of her children actually touch the coffee pot. Defendant thus contends there is no evidence that anyone touched the coffee pot, and without any evidence of the specific moving force

which caused the spill, causation is impermissibly speculative and summary judgment must be granted. The Court disagrees.

Defendant points to a number of negligence cases that were dismissed because causation was found to be impermissibly speculative. Each of these cases involved plaintiffs who were unable to identify the cause of their injuries. For instance, in <u>Moore v. League</u>, 255 Ga. App. 220 (2002), the plaintiff slipped and fell in the defendant's kitchen but did not know why she slipped. She assumed that it was because the floor was wet, but did not know if the floor was in fact wet and slippery. The Georgia Court of Appeals affirmed a grant of summary judgment for the defendant because the plaintiff could only speculate about the cause of the fall. <u>Id.</u> at 222. In <u>Shadburn v. Whitlow</u>, 243 Ga. App. 555 (2000), the court affirmed a grant of summary judgment where the plaintiff believed she had tripped on loose carpeting she had noticed at the top of a restaurant stairwell, but admitted she did not know what had caused the fall. In <u>Shinn v. AMF Bowling Center</u>, 2008 WL 687324 (N.D. Ga. March 11, 2008), this Court granted summary judgment in favor of the defendant because the plaintiff, who suffered injury from a fall, did not know what he had slipped on and simply speculated that "someone could have spilled something." <u>Id.</u> at *4 (internal citation and quotation marks omitted).

These cases are not persuasive here. Unlike those cases, there is evidence here to identify the cause of Makoa's injuries: hot coffee, allegedly placed in front of him by Defendant's employee, spilled on him. The lack of evidence that Makoa or some other person grabbed or jostled the coffee pot does not preclude submitting to a jury the question of whether the proximate cause of Makoa's injuries was, as Plaintiffs allege, the waitress's negligent acts of placing the coffee unreasonably close to an infant in a baby-carrier, failing to ensure that the lid was properly screwed on, and failing to notify the infant's mother that a pot of hot coffee was placed on the table near to her child. It is not too speculative a conclusion that the waitress's actions directly resulted in the Makoa's injuries. See Beasley v. A Better Gas Co., Inc., 269 Ga. App. 426, 428 (2004) ("In determining the proximate cause in a negligence action, the injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended.").

Defendant seems to suggest that because some intervening act *may* have caused the pot to spill, Defendant is necessarily released from any liability. Even if Defendant were correct that there was an intervening cause—for instance, if one of the other children jostled the table and caused the pot to tip over—a trier of fact could still find that Defendant's employee's negligence was the proximate cause of

Makoa's injuries. "[F]or an intervening act of a third party to become the sole proximate cause of a plaintiff's injuries, the intervening act must not have been foreseeable by defendant, must not have been triggered by defendant's act, and must have been sufficient by itself to cause the injury." Imperial Foods Supply, Inc. v. Purvis, 260 Ga. App. 614, 616 (Ga. App. 2003). The essence of Plaintiffs' case is that it was reasonably foreseeable that placing a pot of hot coffee two or three inches away from an infant child could result in serious injury and, in fact, made it more likely that injury would occur, regardless of how the coffee actually spilled. The lack of evidence regarding the specific force that caused the *spill* does not necessarily undermine the evidence regarding what caused the *injury*. Plaintiffs' evidence on causation is not impermissibly speculative because the evidence affords "a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." Shadburn, 243 Ga. App. at 556. Whether the facts support Plaintiffs' case, and whether the waitress's actions were negligent and the proximate cause of Makoa's injuries are, of course, questions for the jury. Atlanta Obstetrics, 260 Ga. at 570. Plaintiffs simply are entitled to submit those questions to a jury. Defendant's motion for summary judgment is required to be denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ralph Hardie's Restaurant #2, Inc.'s Motion for Summary Judgment [37] is **DENIED**.

**SO ORDERED** this 9th day of October, 2009

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE